**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chad Huhn, | No. CV-20-02437-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Trevor Milton, et al., | |
| Defendants. | |

The Court has reviewed the parties' stipulation to again stay this action (Doc. 16) and is unpersuaded. As background, this shareholder derivative action was filed in December 2020, more than three years ago, but was then stayed at the parties' joint request due to its potential overlap with an earlier-filed securities class action, *Borteanu v. Nikola Corporation et. al.*, No. 2:20-cv-01797-PHX-SPL ("the Securities Class Action"), which had been filed in September 2020. In the stay request, the parties anticipated that the stay would remain in effect until the Securities Class Action was dismissed with prejudice or the defendants in the Securities Class Action filed an answer. (Doc. 9.) Thus, on January 26, 2021, the Court ordered that this action was "stayed in its entirety until 30 days after the earliest of the following events: (a) [the Securities Class Action] is dismissed in its entirety with prejudice; (b) Defendants file an answer to any complaint in the Securities Class Action; or (c) Plaintiff and Defendants file a joint request to lift the stay." (Doc. 10.) The parties were ordered to "promptly notify the Court if either of the first two events occurs." (*Id.*)

On January 26, 2024—three years to the date after this action was stayed—Defendants filed an answer in the Securities Class Action, such that the stay in this action expired 30 days thereafter, on February 26, 2024, as the parties acknowledge in their pending stipulation. (Doc. 16 at 2.) However, the parties did not "promptly notify the Court," and therefore the stay, which had already expired, was never formally removed from the docket. The result of the parties' failure to inform the Court was a de facto extension of the stay. Indeed, Defendants have yet to respond to the complaint.

The parties are now requesting another stay because a separate shareholder derivative action was filed in Delaware Chancery Court in 2022 and the parties believe that "future developments in the Delaware Chancery Action may have implications" for this action. (Doc. 16.)

A stay is "not a matter of right," but is rather "an exercise of judicial discretion," the propriety of which "is dependent upon the circumstances of the particular case." *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672-73 (1926). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). In the case of a joint motion, the parties share that burden. In determining whether to grant a motion to stay, "the competing interests [that] will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

The Court "has an interest in managing judicial resources by preventing inactive cases from remaining indefinitely on its docket," *United States v. Grantham*, 2018 WL 3239938, *2 (S.D. Cal. 2018), and therefore the parties must demonstrate that other factors outweigh this interest to prevail in seeking a stay. The Court does not foreclose the possibility that there may be a good explanation for requiring this 2020 case to remain stayed so that an overlapping shareholder derivative action filed in 2022 can proceed, but no such explanation appears in the parties' stipulation. Stating that "future developments" in the later-filed action "may have implications" for this action is too conclusory. Thus,

the stay request is denied without prejudice.  The parties may renew their stay request at any time, but for now, the stay is lifted.

Accordingly,

**IT IS ORDERED** that:

1. The stay (Doc. 10) is **lifted**.

2. The stipulation (Doc. 16) is **denied without prejudice**.

3. Within 14 days of the issuance of this order, the parties may file a renewed stay request.  If no renewed stay request is filed, Defendants shall respond to the complaint within 28 days of the issuance of this order.  If a renewed stay request is filed, Defendants' deadline to respond to the complaint will be stayed pending the resolution of the renewed stay request.

Dated this 22nd day of March, 2024.

Dominic W. Lanza
United States District Judge